UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ERIC DONALDSON, WINSTON BRADBURY,       Case No.
QUASHECA WRIGHT and
RICHARD FRANKLIN, *on behalf of themselves,*
*FLSA Collective Plaintiffs and the Class,*

                          Plaintiffs,          **CLASS AND COLLECTIVE ACTION
                                               COMPLAINT**

          -against-                            **Jury Trial Demanded**

SPIN EMPIRE LLC and TONY CLANTON,

                          Defendants.
-----------------------------------------------------------X

Plaintiffs Eric Donaldson ("Donaldson"), Winston Bradbury ("Bradbury"), Quasheca

Wright ("Wright") and Richard Franklin ("Franklin") (collectively, "Plaintiffs") allege on behalf

of themselves and others similarly situated, against Spin Empire LLC ("Spin Empire") and Tony

Clanton ("Clanton") (collectively, "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Donaldson was employed by the Defendants as a non-exempt employee from

approximately April 2018 to October 5, 2018.  From April to August 2018, Donaldson

would work from 8am to 6pm (10 hours per day) seven days per week, and was paid

$140.00 per shift solely in cash.  From September to October 5, 2018, Donaldson would

work from 4pm to 12am (8 hours per day) seven days per week, and was paid $110.00

per shift solely in cash.  In addition, Donaldson would work double shifts (an additional 8

or 10 hours per day).  Despite working in excess of forty hours per week and ten hours

per day, Donaldson was not paid overtime or spread-of-hours.  Furthermore, Defendants

committed statutory wage violations, by failing to provide Donaldson with a wage notice

or a proper wage statement.

1

2.   Bradbury was employed by the Defendants as a non-exempt employee from
approximately July 2018 to October 5, 2018.  From July to August 2018, Bradbury would
work from 7am to 7pm (12 hours per day) five days per week (Monday to Friday).  From
September to October 5, 2018, Bradbury would work from 7am to 9pm (14 hours per
day) Monday to Friday and from 7a to 5pm (10 hours) on Saturday.  Defendants paid
Bradbury $110.00 per shift solely in cash throughout his employment, no matter how
many hours he worked.  Despite working in excess of forty hours per week and more
than ten hours per day, Bradbury was not paid overtime or spread-of-hours.  Furthermore,
Defendants committed statutory wage violations, by failing to provide Bradbury with a
wage notice or a proper wage statement.

3.   Wright was employed by the Defendants as a non-exempt employee from approximately
March 2018 to December 28, 2018.  From March to September 27, 2018, Wright worked
from 7am to 3pm, five days per week (Monday-Friday), and was paid $125.00 per shift
solely in cash.  From September 27, 2018 to December 28, 2018, Wright would work
from 4pm-12am, five days per week (Monday-Friday), and was paid $110.00 per shift
solely in cash.  In addition, Wright would also work a double-shift (an additional 8 hours
per day) several days per week.   When Wright worked a double shift, she was paid an
additional $125.00 or $110.00 per shift.  Despite working in excess of forty hours per
week and ten hours per day, Wright was not paid overtime or spread-of-hours.
Furthermore, Defendants committed statutory wage violations, by failing to provide
Wright with a wage notice or a proper wage statement.

4.   Franklin was employed by the Defendants as a non-exempt employee from
approximately June 2018 to October 5, 2018.  From June to July 2018, Franklin would

2

work from 7am to 5:30pm (10.5 hours per day) five days per week, and was paid $100.00 per day solely in cash.  From August to October 5, 2018, Franklin would work from 7am to 5:30pm (10.5 hours per day) seven days per week, and was paid $120.00 per day solely in cash.  Despite working in excess of forty hours per week and ten hours per day, Franklin was not paid overtime or spread-of-hours.  Furthermore, Defendants committed statutory wage violations, by failing to provide Franklin with a wage notice or a proper wage statement.

5.  Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA") that they and others similarly situated are entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

6.  Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL") that they and others similarly situated, are entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread-of-hours premium, (3) statutory penalties for wage notice violations, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

7.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

8.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this district.

9.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

10. Plaintiff Eric Donaldson ("Donaldson") was and is a resident of Richmond County, New York.

11. Plaintiff Winston Bradbury ("Bradbury") was and is a resident of Richmond County, New York.

12. Plaintiff Quasheca Wright ("Wright") was and is a resident of Richmond County, New York.

13. Plaintiff Richard Franklin ("Franklin") was and is a resident of Richmond County, New York.

14. Defendant Spin Empire LLC ("Spin Empire") was and is a domestic limited liability company existing under the laws of the State of New York, with a service of process address located at 75 Clinton Street, Suite 9, Staten Island NY 10304.

15. Spin Empire performed subcontracting work at 546 Gulf Avenue, Staten Island NY 10314.

16. At all times relevant to this action, Spin Empire has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.00.

17. Defendant Tony Clanton ("Clanton"), upon information and belief, was and is a resident of the State of New York.

18. At all times relevant to this action, Clanton was and is the Owner of Spin Empire.

19. Clanton exercised control over the employment terms and conditions of the Plaintiffs, FLSA Collective Plaintiffs and Class Members.  Clanton had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine

work schedules and (iv) otherwise affect the quality of employment of the Plaintiffs, FLSA Collective Plaintiffs and Class Members.  At all times, employees could complain to Clanton directly regarding any of the terms of their employment, and Clanton would have the authority to effect any changes to the quality and terms of employees' employment.  Clanton exercised functional control over the business and financial operations of Spin Empire.

20. The acts of Spin Empire charged in this Complaint were authorized, directed or accomplished by Clanton individually, by himself or her agents, officers, employees or representatives, while actively engaged in the management of Spin Empire's business.

21. At all relevant times, Spin Empire was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and the NYLL and the regulations thereunder.

22. At all relevant times, the work performed by the Plaintiffs, FLSA Collective Plaintiffs and Class Members was directly essential to the businesses operated by the Defendants.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

23. Plaintiffs brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including construction team members, universal construction verification technicians, cleanup foremen, fireguards and laborers, employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein (the "Class period").

24. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs,

practices and procedures, protocols, routines, and rules, all culminating in a willful failure

and refusal to pay them overtime compensation at the rate of one and one half times the

regular hourly rate for work in excess of forty (40) hours per workweek.  The claims of

the Plaintiffs stated herein are essentially the same as those of the FLSA Collective

Plaintiffs.

25. The claims for relief are properly brought under and maintained as an opt-in collective

action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).  The FLSA Collective

Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to

this action, their names and addresses are readily available from Defendants.  Notice can

be provided to the FLSA Collective Plaintiffs via first class mail for the last address

known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

26. Plaintiffs also bring claims for relief pursuant to the Federal Rules of Civil Procedure

("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including construction

team members, universal construction verification technicians, cleanup foremen,

fireguards and laborers, employed by Defendants on or after the date that is six years

before the filing of the Complaint in this case as defined herein (the "Class period").

27. All said persons, including the Plaintiffs, are referred to herein as the "Class."  The Class

members are readily ascertainable.  The number and identity of the Class members are

determinable from the records of Defendants.  The hours assigned and worked, the

positions held, and the rate of pay for each Class member are also determinable from the

Defendants' records.  For purposes of notice and other purposes related to this action,

their names and addresses are readily available from Defendants.  Notice can be provided

by means permissible under F.R.C.P. Rule 23.

28. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

29. The Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, (ii) failing to pay spread of hours premium, (iii) failing to provide proper wage statements per requirements of the NYLL, and (iv) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. The Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

30. The Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. The Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32. Defendants and other employers throughout the state violate the NYLL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions

provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

33. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed the Plaintiffs and Class members within the meaning of the NYLL;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of the Defendants regarding the types of work and labor for which the Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Plaintiffs and Class members for their work;

(d) Whether Defendants properly notified the Plaintiffs and Class members of their hourly rate and overtime rate;

(e) Whether Defendants paid the Plaintiffs and Class members the proper overtime compensation under the NYLL;

(f) Whether Defendants paid the Plaintiffs and Class members the spread of hours premium as required by the NYLL;

(g) Whether Defendants provided proper wage statements to the Plaintiffs and Class members per requirements of the NYLL; and

(h) Whether Defendants provided proper wage and hour notices to the Plaintiffs and Class members, at date of hiring and annually, as required by the NYLL.

## STATEMENT OF FACTS

Wage Claims for Donaldson

34. From approximately April 2018 to October 5, 2018, Donaldson was employed on a full-time basis by the Defendants.

35. Donaldson was a non-exempt employee.

36. Donaldson worked for the Defendants at 546 Gulf Avenue, Staten Island NY 10314.

37. Donaldson was employed on the construction team from April through August 2018.

38. Donaldson was employed as a fireguard from September to October 5, 2018.

39. During Donaldson's employment with the Defendants, Donaldson worked in excess of forty (40) hours per week.

40. During Donaldson's employment with Defendants, Donaldson would also work in excess of ten hours per day.

41. From April 2018 to August 2018, Donaldson worked from 8am to 6pm (10 hours per day) seven days per week.

42. From September 2018 to October 5, 2018, Donaldson worked from 4pm to 12am (8 hours per day) seven days per week.

43. Donaldson would also work double shifts (an additional 8 or 10 hours per day).

44. Defendants paid Donaldson solely in cash.

45. From April 2018 to August 2018, Defendants paid Donaldson $140.00 per shift.

46. From September 2018 to October 5, 2018, Defendants paid Donaldson $110.00 per shift.

47. Donaldson was paid once a week on Fridays.

48. The Defendants did not provide a wage notice to Donaldson upon his hire; or annually.

49. The Defendants did not provide Donaldson with a proper wage statement with each

payment he received.

50. Although Donaldson worked over forty hours per week, Defendants failed to pay Donaldson at the required overtime premium rate.

51. Although Donaldson worked daily shifts in excess of ten hours, Defendants failed to pay Donaldson spread-of-hours.

<u>Wage Claims for Bradbury</u>

52. From approximately July 2018 to October 5, 2018, Bradbury was employed on a full-time basis by the Defendants.

53. Bradbury was a non-exempt employee.

54. Bradbury worked for the Defendants at 546 Gulf Avenue, Staten Island NY 10314.

55. Bradbury was employed as a universal construction verification technician (an IT specialist).

56. During Bradbury's employment with the Defendants, Bradbury worked in excess of forty (40) hours per week.

57. During Bradbury's employment with Defendants, Bradbury would also work in excess of ten hours per day.

58. From July to August 2018, Bradbury worked from 7am to 7pm (12 hours per day) five days per week (Monday-Friday).

59. From September 2018 to October 5, 2018, Bradbury worked from 7am to 9pm five days per week (Monday-Friday) and from 7am to 5pm on Saturday.

60. Defendants paid Bradbury solely in cash.

61. Throughout his employment, Defendants paid Bradbury $110.00 per day.

62. Bradbury was paid once a week on Fridays.

63. The Defendants did not provide a wage notice to Bradbury upon his hire; or annually.

64. The Defendants did not provide Bradbury with a proper wage statement with each payment he received.

65. Although Bradbury worked over forty hours per week, Defendants failed to pay Bradbury at the required overtime premium rate.

66. Although Bradbury worked daily shifts in excess of ten hours, Defendants failed to pay Bradbury spread-of-hours.

Wage Claims for Wright

67. From approximately March 2018 to December 28, 2018, Wright was employed on a full-time basis by the Defendants.

68. Wright was a non-exempt employee.

69. Wright worked for the Defendants at 546 Gulf Avenue, Staten Island NY 10314.

70. Wright was employed as a cleanup foreman from March to September 27, 2018.

71. Wright was employed as a fireguard from September 27, 2018 to December 28, 2018.

72. During Wright's employment with the Defendants, Wright's worked in excess of forty (40) hours per week.

73. During Wright's employment with Defendants, Wright would also work in excess of ten hours per day.

74. From March to September 27, 2018, Wright would work from 7am-3pm, 5 days per week (Monday-Friday).

75. From September 27, 2018 to December 28, 2018, Wright would work from 4pm-12am, 5 days per week (Monday-Friday).

76. In addition, Wright would work a double shift (an additional 8 hours per day) several

days per week.

77. Defendants paid Wright solely in cash.

78. From March 2018 to September 27, 2018, Defendants paid Wright $125.00 per shift.

79. From September 27, 2018 to December 28, 2018, Defendants paid Wright $110.00 per shift.

80. Wright was paid once a week on Fridays.

81. The Defendants did not provide a wage notice to Wright upon his hire; or annually.

82. The Defendants did not provide Wright with a proper wage statement with each payment she received.

83. Although Wright worked over forty hours per week, Defendants failed to pay Wright at the required overtime premium rate.

84. Although Wright worked daily shifts in excess of ten hours, Defendants failed to pay Wright spread-of-hours.

Wage Claims for Franklin

85. From approximately June 2018 to October 5, 2018, Franklin was employed on a full-time basis by the Defendants.

86. Franklin was a non-exempt employee.

87. Franklin worked for the Defendants at 546 Gulf Avenue, Staten Island NY 10314.

88. Franklin was employed as a laborer throughout his employment.

89. During Franklin's employment with the Defendants, Franklin worked in excess of forty (40) hours per week.

90. During Franklin's employment with Defendants, Franklin would also work in excess of ten hours per day.

91. From June through July 2018, Franklin worked from 7am to 5:30pm (10.5 hours per day), five days per week.

92. From August to October 5, 2018, Franklin worked from 7am to 5:30pm (10.5 hours per day), seven days per week.

93. Defendants paid Franklin solely in cash.

94. From June to July 2018, Defendants paid Franklin $100.00 per day.

95. From August to October 5, 2018, Defendants paid Franklin $120.00 per day.

96. Franklin was paid once a week on Fridays.

97. The Defendants did not provide a wage notice to Franklin upon his hire; or annually.

98. The Defendants did not provide Franklin with a proper wage statement with each payment he received.

99. Although Franklin worked over forty hours per week, Defendants failed to pay Franklin at the required overtime premium rate.

100.    Although Franklin worked daily shifts in excess of ten hours, Defendants failed to pay Franklin spread-of-hours.

101.    Although the Plaintiffs, FLSA Collective Plaintiffs and Class members worked over forty hours per week, Defendants never paid them at the required overtime premium rate.

102.    Plaintiffs, FLSA Collective Plaintiffs, and Class members had workdays that exceeded 10 hours in length.  Defendants never paid them the spread of hours premium as required by the NYLL.

103.    Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State

overtime rate (of time and one-half) to the Plaintiffs, FLSA Collective Plaintiffs and Class members.

104.      Defendants knowingly and willfully operated their business with a policy of not paying the New York State spread of hours premium to the Plaintiffs, FLSA Collective Plaintiffs and Class members.

105.      Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to the Plaintiffs and Class members, in violation of the NYLL.

106.      Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to the Plaintiffs and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

107.      The Plaintiffs retained Akin Law Group PLLC to represent the Plaintiffs, FLSA Collective Plaintiffs and Class members, in this litigation and has agreed to pay the firm a reasonable fee for its services.

**FIRST CAUSE OF ACTION**
**FLSA – UNPAID OVERTIME**

108.      Plaintiffs, on behalf of themselves and the Collective Action Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

109.      By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

110.      The foregoing conduct, as alleged, constitutes a willful violation of the FLSA

within the meaning of 29 U.S.C. § 255(a).

111.     Defendants' failure to pay overtime caused Plaintiffs and the Collective Action

Members to suffer loss of wages and interest thereon.  Plaintiffs and the Collective

Action Members are entitled to recover from Defendants their unpaid overtime premium

compensation, damages for unreasonably delayed payment of wages, liquidated damages,

reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29

U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NYLL – UNPAID OVERTIME**

112.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege

each and every allegation of the preceding paragraphs hereof with the same force and

effect as though fully set forth herein.

113.     Defendants willfully violated the Plaintiffs and the Class Members' rights by

failing to pay overtime compensation at a rate of not less than one and one-half times the

regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL

and regulations promulgated thereunder.

114.     Defendants' failure to pay overtime premium compensation caused the Plaintiffs

and the Class Members to suffer loss of wages and interest thereon.  The Plaintiffs and

the Class Members are entitled to recover from the Defendants their unpaid overtime

compensation, damages for unreasonably delayed payment of wages, liquidated damages,

reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL

§§ 663(1) *et seq.*

## THIRD CAUSE OF ACTION
## <u>NYLL – UNPAID SPREAD-OF-HOURS</u>

115.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

116.     Defendants willfully violated the Plaintiffs and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. Tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

117.     Defendants' failure to pay spread-of hours compensation caused the Plaintiffs and the Class Members to suffer loss of wages and interest thereon.  The Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FOURTH CAUSE OF ACTION
## <u>NYLL – FAILURE TO PROVIDE WAGE NOTICE</u>

118.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

119.     Defendants have willfully failed to supply the Plaintiffs and Class Members with a wage notice as required by NYLL, Article 6, § 195(1), at the time of hiring or annually,

containing the following information: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission other; the regular pay day

designated by the employer; the name of the employer; the physical address of the

employer and the telephone number of the employer.

120.        Due to the Defendants' violations of the NYLL, the Plaintiffs and the Class

Members are entitled to recover from Defendants fifty dollars for each workday that the

violations occurred or continue to occur, up to a maximum of $5,000.00 per employee, as

provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by

the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest,

and injunctive and declaratory relief.

**FITH CAUSE OF ACTION**
**NYLL – FAILURE TO PROVIDE WAGE STATEMENTS**

121.        Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege

each and every allegation of the preceding paragraphs hereof with the same force and

effect as though fully set forth herein.

122.        Defendants have willfully failed to provide the Plaintiffs and Class Members with

proper wage statements as required by NYLL Article 6 § 195 (3) with every payment of

wages, listing the following: the dates of work covered by that payment of wages; name

of employer; address and phone number of employer' rate or rates of pay and basis

thereof; whether paid by the hour, shift, day, week, salary or other; gross wages;

deductions; and net wages.

123.        Due to the Defendants' violations of the NYLL, the Plaintiffs and the Class

Members are entitled to recover from Defendants two hundred fifty dollars for each

workday that the violations occurred or continue to occur, up to a maximum of $5,000.00

per employee, as provided for by NYLL, Article 6 §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. § 7434(a)

124.     Plaintiffs, on behalf of themselves and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

125.     By failing to provide Plaintiff and Collective Action Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as compensation for all of the work performed during the course of employment with the Defendants, and failing to properly report employee income and withhold amounts listed on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

126.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members and Class Members, respectfully request that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiffs and their counsel to represent the Class;

c.  An order tolling the statute of limitations;

d.  A declaratory judgment that the practices complained of herein are unlawful under applicable federal and state law;

e.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation pursuant to the FLSA and supporting regulations;

g.  An award of compensatory damages as a result of Defendants' failure to pay overtime compensation and spread of hours pay pursuant to the NYLL and supporting regulations;

h.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation and spread of hours premium pursuant to the

FLSA and NYLL;

i.  An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

j.  A maximum of $5,000 per Plaintiff to failure to provide a proper wage notice upon hire or annually;

k.  A maximum of $5,000 per Plaintiff for the failure to provide proper wage statements pursuant to the NYLL;

l.  Civil damages of $5,000 per Plaintiff for the fraudulent filing of information returns, pursuant to 26 U.S.C. §7434.

m.  An award of prejudgment and post-judgment interest;

n.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

o.  Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the FRCP, Plaintiffs demand a trial by jury.

Dated: March 6, 2019
       New York, New York

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*
_____
Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiffs, FLSA Collective Plaintiffs and the Class*

21